Todd E. Zenger (5238)
KIRTON McCONKIE
60 East South Temple, Suite 1800
Salt Lake City, Utah 84111
Phone: (801) 328-3600
Fax: (801) 321-4893
Email: tzenger@kmclaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CAMPMAID, LLC, a Utah entity, KENNETH YOCUM, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DARIN NEWELL, an individual, BOLD, INC., a Utah entity, and XNation, Inc., a Utah entity, and AMAZON.COM.<br><br>Defendants. | Civil Action No. 2:16-cv-00406-BSJ<br><br>Judge Bruce S. Jenkins<br><br>COMPLAINT<br>AND<br>JURY DEMAND |

## INTRODUCTION

Plaintiffs, CampMaid, LLC and Kenneth Yocum by and through their attorneys complain of defendants conduct of Darin Newell, Bold, Inc., XNation, Inc., John Does 1-10 and Amazon.com and seeks judgment of damages, injunctive relief and other relief for patent infringement, trademark infringement, breach, breach of the duty of good faith and fair dealing, interference with economic relations, unfair competition, and conversion.

JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 et. seq., and under U.S. Trademark and Unfair Competition Law, 15 U.S.C. 1 et. seq..   Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338 with supplemental jurisdiction for state law claims under 28 U.S.C. 1367 (a).

2.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

PARTIES

3.      Plaintiff, CampMaid, LLC is a Utah entity organized and operating under the laws of the State of Utah with a principal place of business at 6355 S. Rodeo Lane, Salt Lake City, Utah 84121 ("CampMaid").  By assignment and agreement, CampMaid has all necessary legal rights to bring this action.

4.      Plaintiff, Kenneth Yocum is an individual residing and doing business in this judicial district ("Mr. Yocum").

5.      Defendant Darin Newell is an individual residing in this judicial district, doing business in this judicial district and having a work address of 6874 S. Redwood Road, West Jordan, UT 84084 ("Mr. Newell").

6.      Defendant Bold, Inc. is a Utah entity doing business in this judicial district and having a work address of 6874 S. Redwood Road, West Jordan, UT 84084 ("Bold").  Mr. Newell is the registered agent of Bold and has a registered agent address of 6874 S. Redwood Road, West Jordan, UT 84084.

7.      Defendant XNation, Inc. is a Utah entity doing business in this judicial district and having a work address of 6874 S. Redwood Road, West Jordan, UT 84084 ("XNation").

Mr. Newell is the registered agent of XNation and has a registered agent address of 6874 S. Redwood Road, West Jordan, UT 84084.

8.      Defendant John Does 1-10 are persons, entities, associates or affiliates of Mr. Newell, Bold and/or XNation who have worked in concert and/or in cooperation with Mr. Newell, Bold and/or XNation to sell products of CampMaid or products bearing the CAMPMAID brand name either directly or through Amazon.com, an online seller.

9.      Mr. Newell, Bold, XNation and John Does 1-10 collectively comprise defendants ("Newell Defendants").

10.     Amazon.com is an online seller regularly and systematically conduct business in this judicial district and regularly and systematically shipping product received from Defendants into this judicial district.

11.     Newell Defendants and Amazon.com collectively comprise "Defendants."


GENERAL ALLEGATIONS

12.     This case relates to products protected by United States Patent No. 8,783,241 ("the '241 Patent') for a dutch oven lid holder.   CampMaid is the owner of all rights in the '241 Patent.

13.     No other person or entity has ownership interest or rights in the '241 Patent.

14.     This case also related to products bearing the trademark or brand name CAMPMAID used in commerce by CampMaid.

15.     The CAMPMAID mark was created, adopted and used by Mr. Yocum.

16.     The CAMPMAID mark has been in continuous use in commerce by Mr. Yocum or by others with permission from Mr. York since at least as early as November 2013.

17.    CAMPMAID is a registered trademark in connection with cookware, namely dutch oven accessories, namely, stands, lid lifters, and lid holders, U.S. Trademark Registration No. 4,610,722 ("'722 CAMPMAID Registration").

18.    The CAMPMAID mark and '722 CAMPAID Registration are owned by Mr. Yocum.

19.    Use of the CAMPMAID mark is duly licensed to CampMaid from Mr.Yocum.

20.    No other person or entity has ownership interest or rights to use the CAMPMAID mark unless authorized by Ken Yocum or CampMaid.

21.     CampMaid designs, develops, produces, manufactures, markets, sells and distributes dutch oven products and accessories, including patented dutch oven lid holders.

22.     Dutch oven lid holder products of CampMaid are protected by the '241 Patent.

23.    CampMaid's business is throughout the United States, including the state of Utah and this judicial district.

24.    During certain periods of time CampMaid and Mr. Yocum authorized the Newell Defendants to assist in the importation into and sales of dutch oven products in the United States protected by the '241 Patent and bearing the CAMPMAID mark ("Authorized Product").

25.    However, that authorization was revoked and without authorization from CampMaid and Mr. Yocum for periods of time, Defendants separately and/or in concert with one another have manufactured, imported into, sold or offered for sale and/or used in the United States, and continue to do so, the same dutch oven lid holder products ("Unauthorized Product").

26.    The Unauthorized Product infringes one or more of claims 1-6 of the '241 Patent ("Asserted Claim(s)").

4

27.     The Defendants have established channels of distribution, sales and delivery by which infringing Unauthorized Product are sold and shipped to customers/consumers in Utah.

28.     Amazon.com has sold and continues to sell Unauthorized Products in connection with the CampMaid name at www.amazon.com.

29.     The sale and shipment of Unauthorized Product by Amazon.com into Utah and elsewhere in the United States constitutes patent infringement.

30.     The Newell Defendants conduct the sale of Unauthorized Product from their business locations in Utah.

31.     The importation into, distribution and sale in the United States of Unauthorized Product by the Newell Defendants constitutes patent infringement.

32.     Without authorization from CampMaid, the Newell Defendants have actively induced and/or are actively inducing Amazon.com and on information and belief other third parties sell and/use Unauthorized Product in the United States, including in this judicial district.

33.     The sale to and encouragement by the Newell Defendants of Unauthorized Product to Amazon.com and others to resell Unauthorized Product including sales into this judicial district constitutes induced patent infringement.

34.     The patent infringement by the Defendants has been and will continue to be willful.

35.     The sale and distribution of Unauthorized Products by Defendants in commerce and in Utah constitutes trademark infringement of the CAMPMAID mark and of the '722 CAMPMAID Registration.

36.     The trademark infringement by the Defendants  has been and will continue to be willful.

5

37.     Under a distribution arrangement, one or more of the Newell Defendants was obligated to pay CampMaid compensation on all sales of Authorized Product by the Newell Defendants.

38.     One or more of the Newell Defendants has sold Authorized Product under the distribution arrangement.

39.     One or more of the Newell Defendants has received payment from its customers for the sale Authorized product to the customers under the distribution arrangement.

40.     One or more of the Newell Defendants has withheld compensation owing to CampMaid for sale of Authorized Product under the distribution arrangement.

41.     The distribution arrangement has been terminated.

42.     Product comprising CampMaid's proprietary products or products bearing the CAMPMAID mark which have been sold or distributed by Defendants after termination of the distribution arrangement also constitute "Unauthorized Product."

43.     One or more of the Newell Defendants has sold Unauthorized Product.

44.     One or more of the Newell Defendants has received payment from its customers for the sale Unauthorized product to the customer.

45.      One or more of the Newell Defendants has withheld compensation owing to CampMaid for sale of Unauthorized Product.

46.     The forgoing conduct of Defendants has caused and will continue to cause irreparable harm to CampMaid and Mr. Yocum.

47.     Mr. Newell owns no percent share of CampMaid.

48.     Mr. Newell has made false and misleading representations of fact about himself, and other Newell Defendants to CampMaid's manufacturer and others.

49.     Mr. Newell has made false and misleading representations of fact about CampMaid, its products and its ownership to CampMaid's manufacturer and others.

50.     Mr. Newell has made false and misleading representations of fact about Mr. Yocum and his business development of CampMaid to CampMaid's manufacturer and others.

51.     One or more of the Newell Defendants has directly ordered Authorized Product from CampMaid's manufacturer with a promise to pay CampMaid's manufacturer for the ordered product.

52.     CampMaid's manufacturer did manufacture and sell Authorized Product to one or more of the Newell Defendants.

53.     One or more of the Newell Defendants has received Authorized Product from CampMaids manufacturer.

54.     One or more of the Newell Defendants has sold Authorized Product to customers and received payment from the customers.

55.     Notwithstanding receipt of payment for the sale of Authorized Produce, one or more of the Newell Defendants has not fully paid CampMaid's manufactures for the same Authorized Product and has repeatedly ignored demands to do so.

56.     One or more of the Newell Defendants borrowed money from CampMaid's manufacturer by representing a short-term need to further the sales of the Authorized Product and with a promise to pay the loan back within months.

57.     The one or more of the Newell Defendants that borrowed money from CampMaid's manufacturer has failed to repay the loan.

58.     One or more of the Newell Defendants has threatened to avoid paying CampMaid's manufacturer for Authorized Product or to repay the loan based in part on false and misleading statement of facts.

59.     The forgoing conduct of one or more of the Newell Defendants has unfairly interfered with the existing economic relationship between CampMaid and its manufacturer.

60.     The forgoing conduct of one or more of the Newell Defendants has caused irreparable harm to CampMaid's customer relations and CampMaid's reputation.

61.     Under the now terminated distribution arrangement, Mr. Newell acting individually and/or through his associated companies Bold, Inc. and/or XNation, Inc. had certain duties related to the distribution and sales of CampMaid's proprietary and branded dutch oven products.

62.     Mr. Newell acting individually and/or through his associated companies Bold, Inc. and/or XNation, Inc. failed to perform the duties required under the distribution arrangement resulting in the termination of the distribution arrangement.

63.     The failure of one or more of the Newell Defendants to perform the duties required under the distribution arrangement has caused harm to the reputation and good will of CampMaid and Mr. Yocum.

64.     The failure of one or more of the Newell Defendants to perform the duties required under the distribution arrangement has caused monetary harm to CampMaid and Mr. Yocum.

65.     The monetary harm to CampMaid is at least $284,397.48 (U.S. Dollars).

66.     The conduct of Defendants is knowing and willful and will continue to be knowing and willful unless enjoined by this Court.

67.     The forgoing conduct of Defendants has caused and will continue to cause harm and damage to CampMaid and Mr. Yocum.

68.     Because the conduct of Defendants has been and continues to be knowing, willful, vexatious and in bad faith this is a case in which the Newell Defendants should be required to pay CampMaid and Mr. Yocum increased damages up to three times and their attorney fees.

## FIRST CLAIM FOR RELIEF

### (Judgment of Direct Infringement of the '241)

69.     CampMaid incorporates by reference paragraphs 1 through 68 of this Complaint as though set forth here in full.

70.     Pursuant to patent laws of the United States, the forgoing acts of Defendants constitute direct infringement of one or more of claims 1-6 of the '241 Patent by either literal infringement or by infringement under the doctrine of equivalents.

71.     CampMaid requests the Court to find that the acts of Defendants constitute infringement of one or more of the claims of the '241 Patent.

72.     CampMaid requests the Court to find the direct infringement of Defendants has been willful, in bad faith and/or in reckless disregard of the rights of CampMaid.

73.     Defendants have caused CampMaid monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

74.     Defendants have also irreparably harmed CampMaid's patent rights and should be enjoined from further infringement.

## SECOND CLAIM FOR RELIEF

### (Judgment of Inducing Infringement of the '241 Patent)

75.     CampMaid incorporates by reference paragraphs 1 through 74 of this Complaint as though set forth here in full.

76.     Pursuant to patent laws of the United States, the forgoing acts of Defendants constitute inducing infringement of one or more of claims 1-6 of the '241 Patent.

77.     CampMaid requests the Court to find that the acts of the Newell Defendants constitute induced infringement of one or more of the claims of the '241 Patent.

78.     CampMaid requests the Court to find that the induced infringement of the Newell Defendants has been willful, in bad faith and/or in reckless disregard of the rights of CampMaid.

79.     Defendants have caused CampMaid monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

80.     Defendants have irreparably harmed CampMaid's patent rights and should be enjoined from further infringement.

## THIRD CLAIM FOR RELIEF

### (Judgment of Trademark Infringement)

81.     Mr. Yocum incorporates by reference paragraphs 1 through 80 of this Complaint as though set forth here in full.

82.     Pursuant to trademark laws of the United States and common law, the forgoing acts of Defendants constitute trademark infringement.

83.     Mr. Yocum requests the Court to find that the acts of the Defendants constitute trademark infringement.

84.     Mr. Yocum requests the Court to find that the trademark infringement of the Defendants has been willful, in bad faith and/or in reckless disregard of the rights of Mr. Yocum.

85.     Defendants have caused Mr. Yocum monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

86.     Defendants have irreparably harmed Mr. Yocum's trademark rights and should be enjoined from further infringement.

## FOURTH CLAIM FOR RELIEF
### (Judgment of Unfair Competition)

87.     Plaintiffs incorporate by reference paragraphs 1 through 86 of this Complaint as though set forth here in full.

88.     Pursuant to unfair competitions laws of the United States and common law, the forgoing acts of Defendants constitute unfair competition.

89.     Plaintiffs request the Court to find that the acts of the Defendants constitute unfair competition.

90.     Plaintiffs request the Court to find that the unfair competition of the Defendants has been willful, in bad faith and/or in reckless disregard of the rights of Plaintiffs.

91.     Defendants have caused Plaintiffs monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

92.     Defendants have irreparably harmed Plaintiff's trade rights and should be enjoined from further violation.

## FIFTH CLAIM FOR RELIEF
### (Judgment of Interference with Economic Relations)

93.     Plaintiffs incorporate by reference paragraphs 1 through 92 of this Complaint as though set forth here in full.

94.     Pursuant to common  laws and the laws of the State of Utah, the forgoing acts of the Newell Defendants constitute interference with economic relations.

95.     Plaintiffs request the Court to find that the acts of the Newell Defendants constitute interference with economic relations.


96.     Plaintiffs incorporate by reference paragraphs 1 through 92 of this Complaint as though set forth here in full.

97.     Plaintiffs request the Court to find that the interference of the Newell Defendants has been willful, in bad faith and/or in reckless disregard of the rights of Plaintiffs.

98.     Defendants have caused Plaintiffs monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

99.     Defendants have irreparably harmed Plaintiff's economic relations and should be enjoined from further unfair interference.


SIXTH CLAIM FOR RELIEF

(Judgment of Breach of Distribution Obligations)


100.     Plaintiffs incorporate by reference paragraphs 1 through 99 of this Complaint as though set forth here in full.

101.     Pursuant to common law, the forgoing acts of the Newell Defendants constitute breach or inducing breach of the distribution obligations by the Newell Defendants.

102.     Plaintiffs request the Court to find that the acts of the Newell Defendants constitute breach or inducing breach of distribution obligations.

103.     Plaintiffs request the Court to find that the breach and/or induced breach by the Newell Defendants has been willful, in bad faith and/or in reckless disregard of the rights of Plaintiffs.

104.    Defendants have caused Plaintiffs monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

105.    Defendants have irreparably harmed Plaintiff's reputation and good will and should be enjoined from further irreparable harm.


SEVENTH CLAIM FOR RELIEF

(Judgment of Breach of Duty of Good Faith and Fair Dealing of Distribution Obligations)

106.    Plaintiffs incorporate by reference paragraphs 1 through 105 of this Complaint as though set forth here in full.

107.    Pursuant to common law, the forgoing acts of the Newell Defendants constitute breach or inducing breach of the duty of good faith and fair dealing related to the distribution obligations by the Newell Defendants.

108.    Plaintiffs request the Court to find that the acts of the Newell Defendants constitute breach of the duty of good faith and fair dealing.

109.    Plaintiffs request the Court to find that the breach of the duty of good faith and fair dealing by the Newell Defendants has been willful, in bad faith and/or in reckless disregard of the rights of Plaintiff.

110.    Defendants have caused Plaintiffs monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

111.    Defendants have irreparably harmed Plaintiff's reputation and good will and should be enjoined from further irreparable harm.

EIGHTH CLAIM FOR RELIEF

(Judgment of Conversion)

13

112.     Plaintiffs incorporate by reference paragraphs 1 through 111 of this Complaint as though set forth here in full.

113.     Pursuant to common law, the forgoing acts of the Newell Defendants constitute conversion.  The Newell Defendants have taken possession, custody and/or control of money of the Plaintiffs with the intent and determination to retain it for their own use and enjoyment without returning it to Plaintiffs.

114.     Plaintiffs request the Court to find that the acts of the Newell Defendants constitute conversion.

115.     Plaintiffs request the Court to find that the conversion by the Newell Defendants has been willful, in bad faith and/or in reckless disregard of the rights of Plaintiffs.

116.     Defendants have caused Plaintiffs monetary damage in an amount to be determined at trial but no less than $284,397.48 (U.S. Dollars).

117.     Defendants have irreparably harmed Plaintiffs ability enter other markets and should be enjoined from ongoing conversion.

<u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff, CampMaid, prays for judgment and relief as follows:

a.     Judgment in favor of CampMaid finding that Defendants are liable for direct infringement of the '241 Patent.

b.     Judgment in favor of CampMaid finding that the Newell Defendants are liable for inducing infringement of the '241 Patent.

c.     Judgment in favor of Mr. Yocum that the Defendants are liable for trademark infringement.

      d.      Judgment in favor of Plaintiffs finding that the Defendants are liable for unfair competition.

      e.      Judgment in favor of Plaintiffs finding that the Newell Defendants are liable for interference with economic relations.

      f.      Judgment in favor of Plaintiffs finding that the Newell Defendants are liable for breach or inducing breach of distribution obligations.

      g.      Judgment in favor of Plaintiffs finding that the Newell Defendants are liable for beach of the duty of good faith and fair dealing in connection with distribution obligations.

      h.      Judgment in favor of Plaintiffs finding that the Newell Defendants are liable for conversion.

      i.      An accounting for and an award of any and all ascertainable damages, to be determined at trial but not less than $284,397.48 (U.S. Dollars), related to the unlawful acts of Defendants.

      j.      Judgment in favor of Plaintiffs that damages should be increased up to three times.

      k.      For temporary, preliminary and permanent injunctive relief ordering Defendants to refrain from further infringements, unfair competition, interference with economic relations, breaches of distribution obligations and conversion.

      l.      For reasonable attorney fees, costs and interest.

      m.      For such further relief as the Court may deem proper.

## JURY DEMAND

A demand is hereby made for trial by jury.

DATED this 13th day of May, 2016.

                        KIRTON McCONKIE


By:   /s/Todd E. Zenger            
         Todd E. Zenger
         Dax D. Anderson

         Attorneys for Plaintiff
         CAMPMAID, LLC AND KENNETH YOCUM